UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:18-CR-00034-TBR-LLK-1

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.

MUNTASIR AKBAR DYKES                                                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Before the Court are Muntasir Akbar Dykes's motion for compassionate release, [DN 40], and his motion to appoint counsel, [DN 43]. The United States responded to the compassionate release motion. [DN 42]. Dykes did not reply, but the time to reply has passed. The United States did not respond to the motion to appoint counsel, but the time to respond has passed. Thus, the motions are ripe for adjudication. For the reasons stated below, both motions are DENIED.

**I.    Motion for Compassionate Release**

    **a.    Background**

In May 2019, this Court entered a Judgment sentencing Dykes to a ten-year prison term for firearm and drug convictions. [DN 37]. In his motion for compassionate release, Dykes argues that the Court should release him from incarceration at FMC Forth Worth primarily because he suffers from Type 1 Diabetes, making him particularly vulnerable to coronavirus. [DN 40 at 1]. Dykes states, "[s]ince Mr. Dykes has exhausted his administrative remedies and this court can now release him pursuant to his request." *Id.* at 3. However, Dykes does not offer any support for this assertion that he exhausted administrative remedies.

In response, the United States argues that Dykes has failed to exhaust his administrative remedies, as he has provided no evidence that he requested compassionate release from the Bureau of Prisons or waited thirty days from presenting such a request to file his motion for compassionate

1

release. [DN 42]. The United States also argues that even if Dykes had exhausted administrative remedies, his motion should be denied on the merits. *Id.* Dykes did not reply.

### b. Standards

Under the First Step Act, a defendant may move for compassionate release on his own after the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *United States v. Pegram*, No. 20-1906, 2021 WL 499572, at *2 (6th Cir. Feb. 10, 2021). "The defendant bears the burden of showing he has exhausted his administrative remedies and is entitled to compassionate release." *United States v. Hughes*, No. 2:13-cr-20142-SHM-13, 2021 WL 254315, at *2 (W.D. Tenn. Jan. 25, 2021) (citing *United States v. Ebbers*, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020)).

### c. Discussion

The motion for compassionate release must be denied for failure to exhaust administrative remedies. Dykes only makes a broad claim that he exhausted, but he provides no explanation or other support for that claim. It is the defendant's burden to show that he has exhausted his administrative remedies. *Hughes*, 2021 WL 254315, at *2. Dykes has not carried his burden. Accordingly, his motion for compassionate release is denied without prejudice, with leave to refile.

## II. Motion to Appoint Counsel

After filing his motion for compassionate release, Dykes filed a motion to appoint counsel, asking the Court to appoint Patrick J. Bouldin to represent him on his compassionate release motion. [DN 43]. However, as there is no general constitutional right to appointed counsel in post-conviction proceedings, Defendant's request will be denied. *United States v. Clark*, No. 3:09-CR-

90-CRS, 2020 WL 3977652, at *4 (W.D. Ky. July 14, 2020). Moreover, "[n]o constitutional or statutory right to counsel exists for filing motions under 18 U.S.C. § 3582." *United States v. Clark*, No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019) (citing *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009) (collecting cases)). Instead, the decision to appoint counsel lies within the Court's discretion but doing so is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *Id.*

The Court finds that appointment of counsel is not necessary for Defendant to pursue compassionate release in this case. Here, the issues raised in Defendant's motion are straightforward and resolvable upon a review of the record. The Court finds that the nature of Defendant's motion demonstrates that he has the capacity and the means to effectively set forth the facts, claims, and argument necessary to pursue this § 3582 action without the assistance of counsel. Thus, Defendant's motion for appointment of counsel is denied as moot.

### III.  Conclusion

Dykes's motion for compassionate release, DN 40, is **DENIED WITHOUT PREJUDICE**. Dykes's motion to appoint counsel, DN 43, is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 26, 2021

cc: counsel
Muntasir Akbar Dykes
19490-033
FORT WORTH
FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 15330
FORT WORTH, TX 76119
PRO SE